Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SERGIO CHRISTOPHER GALICIA MAZARIEGOS,
individually and on behalf of all others similarly situated,

                              Plaintiff,

    -against-

KANG LU USA CORP. and KANG YUE USA CORP. d/b/a
MOCA ASIAN BISTRO, and JOHNSON CHEN and FANG
CHAN, as individuals,

                              Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **SERGIO CHRISTOPHER GALICIA MAZARIEGOS**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO, and JOHNSON CHEN** a**nd FANG CHAN, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO**, located at 7967 Jericho Tpke., Woodbury, NY 11797.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS residing in Elmhurst, NY was employed by Defendants at KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO, from in or around February 19, 2024 until in or around April 29, 2024.

### *The Defendants*

### Kang Lu USA Corp.

8. Upon information and belief, Defendant KANG LU USA CORP. is a New York domestic business corporation organized under the laws of New York with a principal executive office and service of process address at 7967 Jericho Tpke., Woodbury, NY 11797.

9. Upon information and belief, Defendant KANG LU USA CORP., is a New York domestic business corporation authorized to do business under the laws of New York.

### Kang Yue USA Corp.

10. Upon information and belief, Defendant KANG YUE USA CORP. is a New York domestic business corporation organized under the laws of New York with a principal executive office at 7967 Jericho Tpke., Woodbury, NY 11797.

11. Upon information and belief, Defendant KANG YUE USA CORP. is registered in the New York Department of State, Division of Corporation with service of process address at 2 Jericho Plaza, Ste 303, Jericho, NY 11753.

12. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiff, as Defendants held out Plaintiff as employee of both KANG LU USA CORP. and KANG YUE USA CORP.

13. Both Corporate entities employed the same employees, including Plaintiff, performed work on the same job sites, and were both responsible for issuing Plaintiff his wages.

14. The Corporate entities functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

15. On information and belief, KANG LU USA CORP. and KANG YUE USA CORP., are, at present and have been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.00.

**Joint Enterprise(s) of the Corporate Defendants**

16. At all times relevant to this action, Corporate Defendants were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.

18. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

19. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

20. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

## Individual Defendants
## Johnson Chen and Fang Chan

21. At all relevant times hereto, Defendants JOHNSON CHEN and FANG CHAN own and operate KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO.

22. Upon information and belief, Defendants JOHNSON CHEN and FANG CHAN are agents of KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO.

23. At all relevant times hereto, Defendants JOHNSON CHEN and FANG CHAN are responsible for overseeing the daily operations of KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO.

24. At all relevant times hereto, Defendants JOHNSON CHEN and FANG CHAN have power and authority over all the final personnel decisions at KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO.

25. At all relevant times hereto, Defendants JOHNSON CHEN and FANG CHAN have power and authority over all final payroll decisions of KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO, including the Plaintiff.

26. At all relevant times hereto, Defendants JOHNSON CHEN and FANG CHAN have the exclusive power to hire and fire employees at KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiff.

27. During all relevant times herein, Defendants JOHNSON CHEN and FANG CHAN were Plaintiff's employers within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

28. Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS was employed by Defendants at KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA

ASIAN BISTRO, from in or around February 19, 2024 until in or around April 29, 2024.

29. During Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS's employment by the Defendants at KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO, Plaintiff's primary duties were as a busboy, while performing other miscellaneous duties, from in or around February 19, 2024 until in or around April 29, 2024.

30. Plaintiff regularly worked five (5) to six (6) days per week from in or around February 19, 2024 until in or around April 29, 2024.

31. Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS regularly worked a schedule of shifts beginning at approximately 11:00 a.m. each workday and regularly ending at approximately 10:00 p.m. or later, three (3) to four (4) days per week; from approximately 11:00 a.m. each workday and regularly ending at approximately 11:00 p.m. or later, one (1) to two (2) days per week; and from approximately 11:30 a.m. each workday and regularly ending at approximately 11:00 p.m. or later, one (1) day per week, from in or around February 19, 2024 until in or around April 29, 2024.

32. Thus, Plaintiff was regularly required to work approximately fifty-six and a half (56.5) to sixty-eight and a half (68.5) hours per week from in or around February 19, 2024 until in or around April 29, 2024.

33. Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS had an agreement with Defendants that he would be paid an hourly rate of $16.00 per hour.

34. However, Plaintiff was not compensated at all by the Defendants for all hours worked during the entirety of his employment from in or around February 19, 2024 until in or around April 29, 2024.

35. As such, Defendants failed to pay Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS the legally prescribed minimum wage for all his hours worked from in or around February 19, 2024 until in or around April 29, 2024, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

36. Moreover, Although Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS worked approximately fifty-six and a half (56.5) to sixty-eight and a half (68.5) hours or more hours per week from in or around from in or around February 19, 2024 until

in or around April 29, 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Furthermore, Plaintiff SERGIO CHRISTOPHER GALICIA MAZARIEGOS worked in excess of ten (10) or more hours per day approximately five (5) to six (6) days per week from in or around February 19, 2024 until in or around April 29, 2024, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

39. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

40. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

41. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

42. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this wage-and-hour action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

44. Collective Class: All persons who are or have been employed by the Defendants as busboys, or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

45. Upon information and belief, Defendants employed approximately 20 or more employees or more within the relevant time period who Defendants subjected to similar unlawful payment structures that violated applicable law.

46. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

47. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

48. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiff are typical of the claims of the whole putative class.

53. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
57. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
59. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

65. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

68. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

69. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

70. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

71. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

72. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 20 U.S.C. §206(a).

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

76. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

77. Plaintiff incorporates by reference all allegations in all preceding paragraphs

78. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

80. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SIXTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

83. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1)

## SEVENTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

86. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

89. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff's unpaid wages;

e. Awarding Plaintiff's unpaid spread of hours compensation;

f. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: June 20, 2024
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SERGIO CHRISTOPHER GALICIA MAZARIEGOS, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

KANG LU USA CORP. and KANG YUE USA CORP. d/b/a MOCA ASIAN BISTRO, and JOHNSON CHEN and FANG CHAN, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**KANG LU USA CORP. (DOS ID: 4251201)**
7967 Jericho Tpke., Woodbury, NY 11797
**KANG YUE USA CORP. (DOS ID: 3580631)**
2 Jericho Plaza, Ste 303, Jericho, NY 11753

*via Personal Service:*
**KANG LU USA CORP.**
7967 Jericho Tpke., Woodbury, NY 11797
**KANG YUE USA CORP.**
7967 Jericho Tpke., Woodbury, NY 11797
**JOHNSON CHEN**
7967 Jericho Tpke., Woodbury, NY 11797
**FANG CHAN**
7967 Jericho Tpke., Woodbury, NY 11797